IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-197 |
| | ) | |
| ANDREW A. DEMASI | ) | |

O P I N I O N

On July 17, 2012, a grand jury returned a four-count indictment against Andrew A. Demasi ("defendant") charging him at Counts One, Two and Three with mail fraud and at Count Four with bankruptcy fraud.

The indictment charges that from April to September of 2007, defendant devised and executed "a scheme and artifice to defraud and to obtain money and property from manufacturers, wholesale distributors, customers and interstate shipping companies by false and fraudulent pretenses, representations and promises." In essence, it is alleged that defendant, as a director of A&R Services, Inc. ("A&R"), engaged in a scheme to purchase and obtain delivery of merchandise for resale upon extensions of credit which were obtained on materially false financial information and for which payment was not made nor intended to be made. The indictment also alleges that as part of the scheme and artifice to defraud, defendant, on behalf of A&R, filed a Chapter 7 voluntary bankruptcy petition to delay collection of the fraudulently obtained debts and to conceal the fraud scheme.

Presently before the court is defendant's motion requesting that the government be compelled to provide notice of any evidence that it intends to use at trial under Rules 404(b) and 609 of the Federal Rules of Evidence, as well as the government's response thereto.

Pursuant to Fed. R. Evid. 404(b), while "evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such evidence may be admissible for another purpose, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident," provided that, upon request by the defendant, the government must provide reasonable notice in advance of trial, or during trial for good cause, of the general nature of any such evidence it intends to introduce at trial.

Here, in response to defendant's request for notice under Rule 404(b)(2), the government has indicated that it intends to present evidence of other acts which furthered defendant's scheme and affected the fraud, including: (1) that defendant stole some of the fraudulently obtained merchandise and gave it to his wife, who then offered that merchandise for sale over the internet for her own and defendant's personal financial benefit; and, (2) that, following service of a grand jury subpoena issued on August 20, 2008, demanding production of corporate records, financial records

2

AO 72
(Rev. 8/82)

and bank account records for A&R, defendant collected and destroyed all of the requested records and papers.

The government indicates in its response that it believes that the foregoing evidence actually is intrinsic to the offenses charged and therefore exempt from application of Rule 404(b). See, United States v. Green, 617 F.3d 233, 248-49 (3d Cir. 2010)(rejecting "inextricably intertwined" test for intrinsic evidence and holding that evidence is intrinsic only: (1) if it "directly proves" the charged offense; or, (2) if it is performed contemporaneously with the charged crime and facilitates commission of the charged crime). Alternatively, however, the government states that it will seek introduction of the evidence under Rule 404(b) for one or more of the enumerated purposes. Id. at 249 (all evidence not falling within the two categories of intrinsic evidence must be analyzed under Rule 404(b)).

The notice the government has provided is sufficient to satisfy its obligations under Rule 404(b). The government also has acknowledged its responsibility to disclose promptly any other evidence of which it subsequently may become aware that it may intend to use under Rule 404(b). Accordingly, the court will enter an order granting defendant's motion and further requiring the government, no later than ten days prior to trial, to provide notice of any additional evidence that may fall under Rule 404(b) that it subsequently decides it may intend to use at trial.

3

AO 72
(Rev. 8/82)

To the extent defendant seeks to have the proposed evidence excluded from trial because it is not intrinsic to the crime under the Green analysis and otherwise is inadmissible under Rule 404(b),[1] such a request is premature, and the motion will be denied without prejudice in that regard.

Defendant also requests notice of any evidence the government intends to use at trial under F.R.E. 609. Rule 609(a)(1)(B) provides that, for the purpose of attacking a testifying defendant's character for truthfulness by evidence of a criminal conviction, evidence that the defendant has been convicted of any crime punishable in the convicting jurisdiction by death or imprisonment for more than one year must be admitted if the court determines that the probative value of that evidence outweighs its prejudicial effect to the defendant.

The rule also provides that evidence that any witness has been convicted of any crime must be admitted, regardless of punishment, "if the court can readily determine that establishing the elements of the crime required proving - or the witness's admitting - a dishonest act or false statement." F.R.E. 609(a)(2). The only advance notice requirement under Rule 609 is

---

[1] Evidence is admissible under Rule 404(b) if: (1) it has a proper purpose under Rule 404(b); (2) it is relevant under Rules 401 and 402; (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the court charges the jury to consider it only for the limited purpose for which it is admitted. United States v. Vega, 285 F.3d 256, 261 (3d Cir. 2002).

4

that the government must provide "reasonable advance written notice" of its intent to use the evidence if 10 years have passed since the conviction or release from confinement for it, whichever is later. Fed.R.Evid. 609(b).

In response, the government has indicated that it will seek to use evidence of the following three criminal convictions for crimes of dishonesty to impeach defendant if he testifies at trial: (1) an August 9, 1994, conviction for theft by deception; (2) a June 8, 2010, conviction for bad checks and theft by deception; and, (3) a September 13, 2010, conviction for bad checks. The government also indicates that should it become aware of any other convictions for crimes of dishonesty, it also would seek to use those convictions for impeachment as well.

The government's response satisfies any notice requirements under Rule 609. Nevertheless, the court will enter an order granting defendant's motion and further requiring the government, no later than ten days prior to trial, to provide notice of any additional criminal convictions of which it subsequently may become aware falling within the parameters of Rule 609.

An appropriate order will follow.

Date: February 13, 2013

Gustave Diamond
United States District Judge

AO 72
(Rev. 8/82)

cc: Carolyn J. Bloch
    Assistant U.S. Attorney

    Thomas Livingston
    Assistant Federal Public Defender

AO 72
(Rev. 8/82)